# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1903V
UNPUBLISHED

| | |
|---|---|
| TONY HARRIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 19, 2021<br><br>Motion for decision; dismissal. |

*John R. Howie, Jr.,* Howie Law, PC, Dallas, TX, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On December 16, 2019, Tony Harris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa—10 through 34,[2] (the "Vaccine Act"). Mr. Harris alleged that he developed Guillain-Barré syndrome from an influenza vaccine he received on December 12, 2016. ECF No. 1 at 1.

On February 12, 2021, Mr. Harris filed a motion for a decision dismissing his petition. ECF No. 14. For the reasons set forth below, Mr. Harris's motion is **GRANTED**, and this case is hereby **DISMISSED**.

In his petition, Mr. Harris briefly described his vaccination, onset of symptoms, progression of symptoms, and diagnosis, but he did not identify any of the medical providers or cite any medical records. ECF No. 1. The December 18, 2019 PAR Initial Order required Mr. Harris to file all the statutorily required documents, including medical

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

records supporting the vaccination, diagnosis of his injury, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5.

Mr. Harris received several extension of time but ultimately never filed any medical records or other supporting documents.

On February 12, 2021, Mr. Harris filed a motion for a decision dismissing his petition stating that "[a]n investigation into the facts supporting this case has demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 14.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). Mr. Harris alleged that he sustained a Guillain-Barré syndrome Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Table Injury, among other requirements, a petitioner must establish with supporting documentation that she received a covered vaccine, that she sustained a covered injury, and that she suffered the effects of this injury for at least six months. § 300aa—11(c)(1). Mr. Harris has not submitted any medical records to establish these preliminary requirements.  Moreover, Mr. Harris admitted in his motion for a decision that he will not be able to prove his claim.

Thus, petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."